Dennis GIANGRECO, a Minor by David Perkins, his next friend, Plaintiff,

v.

CENTER SCHOOL DISTRICT, Charles Crews, President of Center School District Board of Education, Leroy Barrows, Superintendent of Schools, Center School District, and Gene Banaka, Principal, Center High School, Defendants.

Civ. A. No. 17661-3.

United States District Court, W. D. Missouri, W. D.

Sept. 25, 1969.

Arthur A. Benson, II, Kansas City, Mo., for plaintiff.

Martin Anderson, Kansas City, Mo., for defendants.

## MEMORANDUM AND ORDER DENYING MOTION FOR TEMPORARY RESTRAINING ORDER AND FOR A PRELIMINARY INJUNCTION

BECKER, Chief Judge.

This is a civil action in equity in which the minor plaintiff Dennis Giangreco, by his next friend, complains in his individual behalf and in behalf of all others similarly situated, of the refusal of the defendant principal of Center High School of Center School District and its officials to admit the plaintiff to the 1969 fall session of Center High School on the ground that the plaintiff had too much hair on his head and face. Jurisdiction of this Court is properly invoked under § 1983, Title 42, U.S.C., and §§ 1343 and 2201, Title 28, U.S.C.

The question to be determined is not the wisdom of the action of the principal but whether there was a denial to the minor plaintiff of the exercise or enjoyment of federally protected rights. The wisdom of the action of the principal is not in issue. Only its legality is to be determined. The ruling herein involves a high school student only.

An evidentiary hearing was held upon the motion for a temporary restraining order and the motion for a preliminary injunction. The case remains pending for final disposition on the merits.

### The Facts

From the evidence and stipulations of the parties the following facts appear:

The plaintiff and his parents are domiciled resident citizens of Center School District. As a domiciled resident citizen of that district the plaintiff is entitled to attend Center High School, a tax supported public school, provided that he complies with its lawful rules and regulations relating to scholastic achievement and behavior.

The plaintiff on September 2, 1969, was fully qualified by prior scholastic achievement and conduct for admission to the senior class of Center High School unless he was validly refused admission because of the condition of the hair on his head and face. The plaintiff was an unusually hirsute youth. When the plaintiff presented himself for admission to Center High School on September 2, 1969, the opening day of the fall semester, he had grown an untrimmed full face beard, including unshaven and untrimmed side face hair, mustache and untrimmed lip, chin and neck hair. Further, the hair of his head and temples had been permitted to grow without trimming so that it covered his ears and his shirt collar in back joining his full face and neck hair. His hair was parted in the middle and brushed or combed so that it did not cover his eyes.

On September 2, 1969, the opening day of the fall term, the defendant Gene

Banaka, principal of Center High School, in performance of his official duties, refused the plaintiff admittance under the following regulations of the Center School District No. 58, approved and published in the student handbook by the Board of Education, Center School District No. 58:

"5. Extreme hair styles should be avoided. The hair should be kept neatly combed, brushed and trimmed, and of a length and style that will not interfere with normal school routine.

"6. Fads and extreme styles with regard to personal grooming are to be discouraged."

The minor plaintiff was orally advised by Principal Banaka that he would have to shave off his beard before he would be admitted. Plaintiff did not again apply for admission until the following Monday, September 8, 1969. On September 4 and 5, plaintiff conferred with a lawyer concerning his rights. On Sunday, September 7, plaintiff, according to his testimony, voluntarily shaved off his mustache and chin hair, leaving on his face full untrimmed muttonchop type side face hair which overhung his lower jaw. Plaintiff then again presented himself for admission and was again refused admission on the same grounds. On September 9, 1969, plaintiff filed this action seeking a temporary restraining order, a preliminary injunction and a declaratory judgment and permanent injunction prohibiting the defendants from refusing him admission to the fall term. His counsel notified the defendants that plaintiff was applying for a temporary restraining order. Upon filing, this case was assigned by lot to Division No. 3 of this Court. In the meantime, an agreement was reached by the plaintiff and defendants in Division No. 1 of this Court that the plaintiff would be temporarily permitted to attend classes (with his head and face hair in its condition after he partially shaved on Sunday, September 7) until the disposition of his motions for a restraining order and temporary injunction. A hearing on these motions was held on Monday, September 15, 1969.

There is no evidence that plaintiff made any appeal from the decision of Principal Banaka to the Board of Education of the Center School District or to any superior officer of Center School District. In fact it was informally conceded that no such appeal was made.

The minor plaintiff's testimony at the hearing was not consistent with his affidavit in support of the motion for a temporary restraining order. In that affidavit he stated, among other things, that he had kept his "sideburns sharply trimed. [sic]" He further stated that being forced to cut his hair "to an uncomfortably short length would be a hindrance" to his "self-expression." The evidence does not support either of these statements of the affidavit.

In his complaint plaintiff also claimed that the denial of his admission to school violated his right to procedural due process (under the Fourteenth Amendment). In his complaint he also claimed that the refusal to permit him to attend school in his present condition denied him the right of free speech guaranteed by the First Amendment of the Constitution.

In his testimony at the hearing on the motions for a restraining order and a temporary injunction, Principal Banaka, who has had 17 years experience as an educator in the public schools, stated that the regulations, quoted above, against extreme hair styles and against untrimmed long head and face hair, were based upon generally accepted expert educational opinion that extreme and untrimmed hair styles tended to cause distractions in the classrooms and to cause disruptions both in and out of the classrooms resulting from reactions of other students. The plaintiff admitted in his testimony that he had worn a considerably less extreme hair style in the preceding year and that there had been some distractions and disruptions in both the preceding and present school year resulting from verbal reactions in and out of some classes by other students. The evidence also showed that plaintiff's hair style caused some

distractions and disruptions in some classes in the current term between September 9 and September 15.

The testimony of Principal Banaka showed that there was real justified apprehension on his part that physical violence might occur to the plaintiff at the hands of other students, and that failure to enforce the school regulations probably would result in disruptions of the school processes by other students who were required to comply with the regulations.

In his testimony plaintiff made no claim that his hair style constituted any type of expression comprehended within the concept of free speech. Nor did he claim he was motivated by any religious beliefs. He stated that his motive in growing the hair and beard resulted from a belief that it was a part of himself, and that to cut it would be the same as cutting off his fingers. The credibility of this statement is belied by the fact that he voluntarily shaved his mustache and chin whiskers on Sunday, September 7, and by his affidavit in support of the motion for a restraining order that he kept his sideburns sharply trimmed. He further made a statement incredible under the circumstances that he never intended to cut his head and face hair again because he expected it to grow to a certain length and naturally cease to grow thereafter. On the plaintiff's own evidence it is found that his conduct was designed to attract attention and to provoke the school authorities to deny him attendance for the purpose of creating what has come to be known in the vernacular as a "confrontation".

For the following reasons, each of which is sufficient independently to support the denial of the motions for a restraining order and for a preliminary injunction, the motions are denied.

■ 1. *Failure to exhaust administrative remedies.* The plaintiff impetuously proceeded to invoke the extraordinary aid of this Court, without appealing the decision of Principal Banaka either to the Superintendent of the schools or the Board of Education which issued the rules. This failure to exhaust readily available administrative remedies prevents the finding necessary to granting relief, that plaintiff has shown that his remedies at law were inadequate.

■ 2. *Lack of irreparable injury.* Under the circumstances in this case plaintiff has failed to show that he will suffer any irreparable injury. He may continue in the Center High School simply by shaving and trimming the excessive hair on his face. The defendants do not base the refusal to admit plaintiff solely on the length of his hair in his present condition. In fact, it is shown by the evidence that 3 persons are attending Center High School with hair of a similar length to that of plaintiff. Plaintiff will not be required to surrender any religious, political, economic, social, individual or other protected individual conviction in order to attend school. All he needs to do is to comply with the regulation as interpreted to him by an authorized official, Principal Banaka.

■ 3. *The regulation is valid.* The evidence heard shows this regulation is not aimed at male students alone and is not aimed at beards or long hair alone. The evidence showed that a "Mohawk haircut" which is essentially a combination of levels of short hair is considered extreme and forbidden. The evidence shows that there is substantial justification for the regulation because of the distraction and disruption, both verbal and violent, which is reasonably apprehended as a result of the extreme hair style of plaintiff worn in a high school and which in fact has occurred. As stated above the evidence shows that there has been distraction in classes and in study periods resulting from plaintiff's appearance, both in the last school year when his hair was shorter and he had no beard and in the period between September 9 and September 15 in the present school year. In this case there is no showing that there has been any denial of free speech under the regulation. Nor does the regulation contain any discrimi-

nation between the sexes, if that is relevant. Cf. Zachry v. Brown (N.D.Ala.) 299 F.Supp. 1360. This case does not fall within the rule of Tinker v. Des Moines Community School District, 393 U.S. 503, 89 S.Ct. 733, 21 L.Ed.2d 731, which concerned the wearing of an arm band for the purpose of expressing certain views about the Viet Nam war, as a symbolic act within the free speech clause of the First Amendment. It is important to note that in the *Tinker* case it was expressly stated that the problem of free speech was not related to regulation of dress, hair style or deportment in the following language:

"The problem presented by the present case does not relate to regulation of length of skirts or the type of clothing, to hair style or deportment. Cf. Ferrell v. Dallas Independent School District, 392 F.2d 697 (1968); Pugsley v. Sellmeyer, 158 Ark. 247, 250 S. W. 538, 30 A.L.R. 1212 (1923). It does not concern aggressive, disruptive action or even group demonstrations. Our problem involves direct, primary First Amendment rights akin to 'pure speech.'"

The controlling case in this matter is Ferrell v. Dallas Independent School District (C.A. 5) 392 F.2d 697, cert. denied 393 U.S. 856, 89 S.Ct. 98, 21 L.Ed.2d 125. The *Ferrell* case is especially significant because of the reference to it in the *Tinker* case contained in the passage quoted above from the *Tinker* case. Mr. Justice Douglas' dissent from the action denying certiorari in the *Ferrell* case makes the action denying certiorari more than ordinarily significant. There is no necessity to reach the difficult problem presented by the *Terminiello* case involving violent responses by others to an exercise of free speech. See Terminiello v. City of Chicago, 337 U.S. 1, 69 S.Ct. 894, 93 L.Ed. 1131. There are some federal district court decisions which, if projected on their reasoning, appear impliedly to question the doctrine of the *Ferrell* case, *supra,* and the distinction of the *Terminiello* case, quoted above. These are Breen v. Kahl (W.D.Wis.) 296 F.

Supp. 702, affirmed (C.A.7) 419 F.2d 1034, cert. denied, 398 U.S. 937, 90 S. Ct. 1836, 26 L.Ed.2d 268; Zachry v. Brown, *supra,* and Griffin v. Tatum (M.D.Ala.) 300 F.Supp. 60. Assuming without holding that it is viable, the *Breen* case is distinguishable from this case because in the *Breen* case there was "[a]t no time while either plaintiff was in attendance in the high school with hair longer than the Board standard was any disruption or disturbance caused by the length of his hair." 296 F.Supp. at 704.

The *Zachry* case is distinguishable on two grounds. The first ground is that in this case there is no reference to or distinction on the basis of sex in the regulations. The second ground of distinction is that the defendants in this case offered substantial evidentiary justification for the regulation. The *Griffin* case is distinguishable because in that case there was no effort to justify the regulation on the basis of the tendency of extreme hair styles to disrupt the processes of the school. Only if one subscribes to Mr. Justice Douglas' dissenting opinion in the *Ferrell* case, *supra,* can a conclusion contrary to that reached in this case be justified.

■■ 4. *No denial of due process.* The minor plaintiff was not admitted to school and expelled or suspended. He was refused admittance. His counsel complain that this was a deprival of due process; that he was entitled to a notice and hearing. Persons who do not qualify for admittance are not entitled to the same type of notice and hearing afforded to those who are admitted and suspended or expelled. Cf. Dixon v. Alabama State Board of Education (C.A. 5) 294 F.2d 150. And in a case of this kind where a violation of the challenged regulation was evident to all on the plaintiff's face, there is no necessity for a hearing on the issue whether plaintiff's head, face and neck hair complied with the regulation.

■ 5. *Vagueness and lack of specificity.* The minor plaintiff complains

that the rule in question does not contain specific standards of conduct but is subject to subjective interpretation by the school authorities. The regulation is the type that is employed by qualified educators under recognized educational doctrines. The specificity required of criminal statutes is not required in the field of education, provided that the regulations are recognized as proper by some substantial authority or authorities in the field of education and provided they do not infringe upon federal rights protected in the circumstances. Esteban v. Central Missouri State College (C.A. 8) 415 F.2d 1077, 1088. As in the *Ferrell* case, the rules and policies concerning the appearance of students at school were administered by the principal. There was no doubt that the plaintiff's hair style was extreme and deliberately provocative. The plaintiff was advised in particular by the principal wherein it violated the regulation and policies of Center High School. Under legal and educational doctrines there is no substance to the claim that the regulation must specify in detail all hair styles and beard styles permitted and prohibited. Cf. General Order on Judicial Standards of Procedure and Substance in Review of Student Discipline in Tax Supported Institutions of Higher Education, 45 F.R.D. 133 (W.D.Mo.1968). The plaintiff had fair notice of what was expected of him and deliberately chose not to comply with the ruling in his case based on the regulation. Cf. *Ferrell* case, *supra.*

### Further Proceedings

This case has not yet been heard upon its merits so as to be in condition for final disposition. It should be unnecessary to repeat the evidence that has been heard. Counsel for the plaintiff, upon hearing on the motions ruled herein, desired to produce further testimony of some students and teachers. This was deemed immaterial to the ruling on the motions at the time and all the additional evidence was not heard. Nevertheless, counsel for the plaintiff should be permitted to offer this additional evidence. In order to complete the record, counsel for the plaintiff are directed to serve and file on or before October 4, 1969, written detailed offers of proof of the additional evidence with the name, age and occupation of the witness and a narrative statement of the detailed facts to which each will testify and to submit copies of any documentary evidence offered. If the evidence is not deemed wholly irrelevant and if the defendants refuse to agree that the offers of proof may be considered in lieu of the witness' testimony and identification of the documents, if any, a further hearing will be held to complete the evidentiary record. On or before October 6, 1969, the counsel for the defendants shall file a written statement whether or not it objects to considering the offers of proof in lieu of the witness' testimony. In the absence of such written statement the Court in its discretion may so consider the offer of proof.

The motions for a temporary restraining order and for a preliminary injunction will be denied upon the same grounds stated herein that the motion for a temporary restraining order is denied. For the foregoing reasons, it is hereby

Ordered that the motions for a temporary restraining order and for a preliminary injunction be, and they are hereby, denied.