Bernard S. Meyer, J.
Does a school board have power to proscribe the wearing of slacks in school by female students ? The court holds that board regulation of dress is valid only to the extent necessary to protect the safety of the wearer, male or female, or to control disturbance or distraction which interferes with the education of other students. Since paragraph 3 of the Dress Regulations For the Secondary School' adopted by the respondent board is a flat prohibition “ of girls wearing slacks ” except when 11 permitted by the principal between December 1 and March 31 on petition by the student council when warranted by cold or inclement weather,” Judgment will be entered annulling that paragraph of the regulations.
In addition to the above-stated question, the pleadings present a number of subsidiary questions which will be disposed of first. The petition alleges that petitioner is a tenth-grade student at Hicksville High School, that she and her family are receiving assistance from the Department of Social Services, that the board adopted a dress code after it was approved by the majority of those who replied to a questionnaire sent out by the board, that on October 21* and again on October 30, petitioner wore slacks to school and was ‘ ‘ placed in detention, thereby missing her classes,” that on October 29, petitioner made known to the board her objections to the code and the board, when informed of the fact that petitioner was on public assistance agreed to consider procedures for hardship cases, and that the code is unreasonable and unlawful because (1) it fails to adhere to standards set by the Commissioner of Education, (2) paragraph 3 of the regulations is unenforceable for vagueness, (3) none of her clothing conforms to the code and her family does not have the means to buy new attire, wherefore there is a violation of the equal protection clause of the *335 United States Constitution, (4) the regulation hears no reasonable relation to health or welfare or the educational processes, (5) the code violates petitioner’s rights of free speech and expression under section 8 of article I of the State Constitution and the First and Fourteenth Amendments of the United States Constitution. She asks that the board be enjoined from enforcing the dress code, from placing her in detention for wearing slacks to school, and be directed to revoke the dress code. The answer alleges the adoption of procedures for modification of the code and sets up four affirmative defenses: (1) that the board acted within its powers and the Commissioner’s standards in adopting the code, (2) that petitioner has not exhausted administrative remedies, (3) that the petition does not demonstrate a clear legal right, and, therefore, does not state a cause of action, (4) that “ serious doubt exists whether petitioners [sic] are real parties in interest
The first and third defenses simply raise the issue of the board’s authority. For the reasons stated below, the court concludes that the board was without authority to adopt paragraph 3 of the regulations and dismisses these two defenses. The administrative remedy defense is likewise dismissed. As pleaded it concerns not appeal to the Commissioner of Education pursuant to section 310 of the Education Law, but the failure to follow the procedures for modification established by respondent or to allow the hoard sufficient time after the October 29 meeting to act on her presentation. While service of the petition on November 3 was precipitate if petitioner really was pressing for relief from the regulations on a hardship basis, her petition presents the issue whether the board had any authority at all to adopt a regulation proscribing slacks, not whether it properly exercised administrative discretion in so doing. That being so, there was no necessity for her to seek administrative relief at all, whether from the board or the Commissioner (see Vernon Park Realty v. City of Mount Vernon, 307 N. Y. 493; Matter of Lombardo v. Board of Educ., of City of N. Y., 18 A D 2d 444, affd. 13 N Y 2d 1097; Matter of Buffalo Audio Center Arrolite Co. v. Union Free School List., 29 Misc 2d 871, affd. 15 A D 2d 991.) Since it is clear that the regulations continued in effect after the October 29 meeting, petitioner’s failure to take advantage of the procedure for modification of the code or await further board action is irrelevant.
That the real party in interest defense is nothing more than a red herring is evident on its face and from the affidavits in *336 support of it which suggest only that petitioner consulted one or more lawyers before she came to school in slacks and was acting under his or their advice on the days that the two episodes occurred. The real party in interest rule is a rule of substantive law intended to protect one being sued from having to defend against the same claim a second time because someone other than the petitioner or plaintiff was the owner of the claim and, therefore, the only person entitled to sue. The answering papers (Exhibits B and C to the Busch affidavit) establish that Lori Scott was excluded from classes on October 20 and October 30 solely because she was wearing slacks. As a student residing in the district administered by respondent, Lori Scott has a constitutionally guaranteed right to an education, New York State Constitution (art. XI, § 1) and, therefore, has the standing to sue for the. annulment of any regulation imposed by the board which unlawfully interferes with that right. That she may be acting in concert with others in so doing is beside the point. That her capacity to sue has somehow been affected because she sought legal advice about her rights before pressing for them can only be characterized as an astonishingly erroneous concept. The fourth defense is, therefore, dismissed.
The petition is, however, also wide of its mark in a number of respects. It alleges interference with petitioner’s right to an education only when she wore slacks. As before noted, that interference gives her standing to question paragraph 3 of the regulations, which proscribes her wearing slacks, but it does not give her the right to demand that other portions of the Dress Regulations be annulled. Secondly, the standards of the Commissioner to which paragraph 12 of the petition refers are in fact quasi-judicial, rather than quasi-legislative, pronouncements by that official. Petitioner has referred to no regulation of the Commissioner dealing with the matter of dress and the court’s research has revealed none. While the Commissioner has the power to adopt regulations binding upon all school boards, it is clear that his quasi-judicial decisions are binding only on the parties to the appeal decided by him (Matter of Van Allen v. McCleary, 27 Misc 2d 81). The first ground upon which petitioner challenges the validity of the regulation, therefore, fails. Thirdly, Tinker v. Des Moines Community School Dist. (393 U. S. 503, 508) holding the wearing of armbands to be a right akin to “ pure speech ” and protected by the First Amendment, carefully differentiated “ regulation of the length of skirts or the type of clothing ”, Thus, petitioner’s fifth *337 ground likewise falls. Of the three remaining grounds the court finds it unnecessary to pass upon the issues of vagueness and equal protection in view of its conclusion that paragraph 3 of the regulations is invalid because it bears no reasonable relation to health, safety or education.
We are brought, then, finally, to the statement of the reasons underlying that conclusion. The Board of Education of every union free school district has the power and the duty under subdivision 2 of section 1709 of the Education Law: “ To establish such rules and regulations concerning the order and discipline of the schools, in the several departments thereof, as they may deem necessary to secure the best educational results; ’ ’ and under subdivision 33 of that section: “ To have in all respects the superintendence, management and control of the educational affairs of the district, and, therefore, shall have all the powers reasonably necessary to exercise powers granted expressly or by implication and to discharge duties imposed expressly or by implication by this chapter or other statutes.” Nothing in the Education Law or other statute to which the court has been referred deals explicitly with dress, but it is the board’s duty to protect its students against injury (cf. § 1709, subds. 8-a and 8-b), and it, therefore, has implied power to regulate dress for reasons of safety, in addition to the express power to do so for reasons of order and discipline. While the board has broad discretion concerning what safety, order and discipline require, a regulation which bears no reasonable relation to safety, order or discipline is beyond its authority. Moreover, the issue being how far the authority of the board extends, the commendable action of the Board in submitting the proposed Dress Regulations to a referendum of the students and their parents is without significance. Such a referendum cannot supply authority that does not otherwise exist (Matter of Crossey, 8 Ed. Dept. Rept.-[Decision 8022 of July 25, 1969]; Matter of Johnson, 8 Ed. Dept. Rept.-[Decision 8023 of July 25, 1969]).
Does the proscription of slacks for female students fall within the perimeters of the board’s authority? The simple facts that it applies only to female students and makes no differentiation as to the kind of slacks mandates a negative answer, for those facts make evident that what is being enforced is style or taste and not safety, order or discipline. A regulation against the wearing of bell-bottomed slacks by students, male or female, who ride bicycles to school can probably be justified in the *338 interest of safety; as can, in the interest of discipline, a regulation against slacks that are so skin-tight and, therefore, revealing as to provoke or distract students of the opposite sex; and, in the interest of order, a regulation against slacks to the bottoms of which small bells have been attached. Such regulations are valid because they relate the prohibition to an area within the board’s authorized concerns; the flat prohibition of all slacks is invalid precisely because it does not (Matter of Johnson, supra).
Respondent’s attorney argues, however, that regulations that discriminate as to the type of slacks would be too difficult to administer and would impose a duty in the nature of censorship upon the school administration. To that argument there are two answers. First and most important, the difficulty of staying within the bounds of its authority does not alter those bounds; the Legislature may, perhaps, extend them, but the board cannot lift itself by its bootstraps over them. 'Second, the references in paragraphs 1, 9 and 10 of the regulations to “ styles which exaggerate, emphasize, or call attention to anatomical details ”, “ Facial adornment * * # [that] provoke[s] so widespread or constant attention as would interfere with teaching and learning ’ ’ and ‘ ‘ ornamentation * * * [that] shall not make distracting noises, espouse violence, be obscene, suggest obscenity, or call for an illegal act ” make plain that the regulations require just the kind of selectivity with respect to styles, facial adornment and ornamentation that it is argued is impossible in the case of slacks. Indeed, though paragraph 3 be excised from the regulations, paragraph 1 would proscribe skin-tight slacks and paragraph 10 the slacks with bells attached, which are referred to as examples above.
The court is aware of the decisions of the Supreme Judicial Court of Massachusetts in Leonard v. School Committee of Attleboro (349 Mass. 704), and of the United States Court of Appeals for the Fifth Circuit in Ferrell v. Dallas Independent School Dist. (392 F. 2d 697, cert. den. 393 U. S. 856), upholding regulations as to length of hair, as well as the decision in Pugsley v. Sellmeyer (158 Ark. 247), sustaining a regulation against the use of cosmetics, and of the citation of the Ferrell and Pugsley decisions by the United States Supreme Court in Tinker v. Des Moines Community School Dist. (393 U. S. 503, supra). However, the Leonard, Ferrell and Pugsley cases all involved broader enabling acts than that which here is the predicate of authority, and in each the court found a relation to discipline or distraction (cf. Breen v. Kahl, 296 F. Supp. 702).

 The date is incorrectly stated either in the petition or in the answering . papers; the school report apparently made on the day of the incident is dated October 20.