Jimmy WILLIAMS, by Marie WILLIAMS, His Mother and Next Friend *v.* THE BOARD OF EDUCATION FOR THE MARIANNA SCHOOL DISTRICT

81-72                                                           626 S.W. 2d 361

Supreme Court of Arkansas
Opinion delivered January 11, 1982

*Charles Q. Grimm*, of *East Ark. Legal Services, Inc.*, for appellant.

*Daggett, Daggett & Van Dover*, by: *Jimason J. Daggett*, for appellee.

DARRELL HICKMAN, Justice. The Circuit Court of Lee County, Arkansas, refused to issue a writ of mandamus to the Board of Education for the Marianna School District to reinstate the appellant as a student. Jimmy Williams, the appellant, was expelled from school for excessive absentee-ism and sought the writ. We find no error and affirm the judgment.

Williams, a sixteen year old, was a sophomore in the

Marianna schools. He had missed his physical science class fourteen times in one semester and was expelled. He went before the principal, superintendent and school board objecting to the decision.

On appeal from the circuit court decision, Williams raises four arguments for reversal: That the court failed to make written findings of fact and conclusions of law as requested by Williams; that he was denied due process; that state law does not permit a school board to dismiss a student for nonattendance; and, that the school board failed to follow its own rules and that the rules are vague, indefinite, unreasonable, and, therefore, unconstitutional. The only issue of substance raised is the one regarding the school rules and policy.

It is argued that the rules only permit a student to be expelled if he has missed twelve days, not twelve classes, and that the school officials wrongly expelled him. The school rules were not all a part of the record, but we do have before us provisions of those rules which read:

> Attendance: A pupil is expected to attend every day of school and to attend every class to which he is assigned during each day of school. An account must be made of each instance wherein a pupil fails to meet this expectation.
>
> A pupil may miss no more than twelve (12) days per semester excused or unexcused from any class and receive credit for course work.
>
> Excessive absenteeism is sufficient grounds for expulsions of any pupil. Excessive absenteeism shall be defined as failure to attend school a sufficient number of days to be eligible for credit in course work.

These provisions obviously permit a student to be expelled for what Williams undisputably did; he missed one course over twelve times and, for that reason he could not receive credit for the course, and he could be expelled. Williams admitted that he missed the classes stating that he

could not understand the course. He stayed on the school grounds during that class period, usually watching football practice. He argues that the rules mean that he had to miss school a total of twelve days without attending any classes before he could be expelled. Williams actually was absent only four full days but he had missed the physical science class ten other times.

We cannot say that the school rules or their interpretation by school authorities are unconstitutionally vague or indefinite. Certainly, we cannot say that the court was wrong in denying a writ of mandamus on such a discretionary matter.

The other issues are also without merit. Before trial the appellant filed a motion for written findings of fact and conclusions of law. The motion was not renewed and there is no evidence that such a request was made to the court during or after the hearing. The court, orally from the bench, elaborated on why the writ was denied. We cannot find any prejudicial error on this issue.

The argument that Ark. Stat. Ann. § 80-1656 (Repl. 1980) does not permit a student to be expelled for non-attendance was precisely the argument in *Fortman* v. *Texarkana School Dist. No. 7*, 257 Ark. 130, 514 S.W. 2d 720 (1974). We held that that statute allows schools and school boards to make reasonable rules and regulations necessary to orderly administration.

Williams and his mother met with the principal. Williams' mother met with the school superintendent. Williams and his mother appeared before the school board with a lawyer and a record was made of that hearing. There was an abundance of due process in this case.

The decision to dismiss Williams was one within the power of the board. This court does not have the power to substitute its judgment for that of such a board. *Safferstone* v. *Tucker*, 235 Ark. 70, 357 S.W. 2d 3 (1962); *Pugsley* v. *Sellmeyer*, 158 Ark. 247, 250 S.W. 538 (1923). We can only

determine whether the judgment was arbitrary, capricious, or contrary to law. We cannot so find in this case.

Affirmed.

PURTLE, J., dissents.

JOHN I. PURTLE, Justice, dissenting. Once again I respectfully dissent from the majority opinion in a school district case. I think the majority has overlooked the fact that the appellant had a constitutional right to a free public education as evidenced by Art. 14 § 1 (as amended by Amendment No. 53) to the Constitution of Arkansas which states:

> Intelligence and virtue being the safeguards of liberty and the bulwark of a free and good government, the State shall ever maintain a general, suitable and efficient system of free public schools and shall adopt all suitable means to secure to the people the advantages and opportunities of education. . . .

The appellant also had a statutory right to attend public schools pursuant to Ark. Stat. Ann. § 80-1501 (Repl. 1980) which states:

> The public schools of any school district in this State shall be open and free through completion of the secondary program, to all persons . . . domiciled in the district . . .

Furthermore, he was under statutory compulsion to attend school as required by Ark. Stat. Ann. § 80-1502. There is even a penalty for failure to comply with the compulsory attendance law.

School boards have the authority and indeed are required to make specific rules to govern the operation of schools within their districts. Ark. Stat. Ann. § 80-1516 provides in part:

> The directors of any school district may suspend any

person from school for immorality, refractory conduct, insubordination, infectious disease, habitual uncleanliness, or other conduct that would tend to impair the discipline of the school, or harm the other pupils . . .

The majority opinion sets out part of the school policies but failed to set out a very important portion which states:

When a pupil has missed a total of five (5) days during any semester, the principal will conduct an investigation to determine the cause of absenteeism. The parents will be notified and informed of the results of the investigation. If the pupil is found guilty of truancy, he will be suspended to Rebound School for three (3) days. The same procedure will be followed when a pupil has missed a total of ten (10) days of school in any semester.

It is obvious that the school board policy contemplated the expulsion of a student who missed a total of 12 school days. It is true that that portion of the policy quoted by the majority states that excessive absenteeism is sufficient grounds for expulsion. It further states that absenteeism shall be defined as failure to attend school a sufficient number of days to be eligible for credit in course work. There is no policy that if a student misses 12 classes in any one course he might be subject to expulsion from the entire school. I think the principal very candidly admitted that the school did not follow its own policy in that appellant was given neither the five-day nor the ten-day warning as required. The principal stated:

I think it would have been different if I had performed an attendance check in time to catch Jimmy before he missed too many days. Jimmy was never assigned to Rebound School for his attendance problem. . . .

It is obvious from the Constitution and laws of the state of Arkansas, as well as the school board policies, the relevant portions of which are set out above, that appellant had both a statutory and constitutional right to attend public schools. He could, of course, be expelled for the remainder of any

term for any of the reasons set out in Ark. Stat. Ann. § 80-1516. If we consider the board policy to be a proper one under the laws of the state of Arkansas, the appellant is entitled to be reinstated. The over-all reading of the policy shows that it was intended that a student be subject to expulsion after missing 12 days of school. The record clearly shows appellant had missed only four days of school before he was suspended on March 3, 1981. He had missed about 14 of his physical science classes. However, he remained in school at the time he skipped these classes and continued to attend his other classes. No doubt, if the school authorities had warned him, as required by the policies, after five absences from his physical science class that he was subject to expulsion if he missed 12 classes, he would have changed the course of his conduct.

Even though appellant probably received procedural due process, he certainly did not receive substantive due process. The undisputed evidence shows he never missed 12 days from school. A student does not lose all of his constitutional rights when he enters upon the school premises. In my opinion, the appellant has been denied both his statutory and constitutional rights to attend public school and perhaps been sent upon the road of life to an unproductive and unrewarding type of existence into which he may be ill-equipped to function as a result of his expulsion from school.