The Honorable Dave Bisbee State Representative 14068 Pyramid Drive Rogers, AR 72758-0116
Dear Representative Bisbee:
This is in response to your request for an opinion on the following questions concerning summer school attendance:
 1. Is summer school considered mandatory if, at the end of the school year, a local school district gives a seventh grade student the choice of not being promoted to the eighth grade or of paying fees to attend summer school?
 2. If summer school is not considered mandatory in the situation described above, is the school district discriminatory in charging fees to one seventh grade student and permitting another who qualifies for free or reduced-price meals to attend at no charge, but only as space is available?
You indicate that these questions are asked as a follow-up to Attorney General Opinion 98-004, wherein I suggested that the State Department of Education be consulted with regard to "mandatory" summer school programs outside those remediation programs addressed in A.C.A. § 6-16-703 (Supp. 1997).[1] You note that there apparently are no applicable state administrative rules or regulations, and you pose the above questions.
I assume that your first question, concerning the "mandatory" nature of such summer school attendance, is asked in light of A.C.A. §§ 6-16-701 and -702, and the language therein regarding "optional courses outside the regular school term" (§ 6-16-701) and "optional school programs during the summer" (§ 6-16-702). Section 6-16-701 provides:
 [I]t is sometimes desirable for a school district to offer optional courses outside the regular school term for students who desire to enroll. These courses, which are also offered in the regular school term, are provided as a convenience to students who need to make up work or want to earn extra credits. School districts should be authorized to charge a fee for such optional courses in order to encourage additional offerings outside the regular school term.
A.C.A. § 6-16-701 (Repl. 1993).
The question thus arises whether the summer school program at issue under which seventh grade students would have the choice of not being promoted or paying fees to attend summer school, falls within these Code provisions. It is my opinion that it does not. That is, sections 6-16-701
and -702 do not, in my opinion, provide authority for summer school under this scenario whereby a local school district would charge fees for seventh grade students to attend in order to be eligible for promotion to the eighth grade. This is not to say that school districts cannot require summer school for seventh grade students who want to be promoted and who did not perform at grade level during the regular school year. But, as discussed infra, it is my opinion that there is no authority for charging fees in this regard.
With regard to a school district's general authority to require such summer school attendance, it is my opinion that local school boards have considerable discretion in establishing summer school programs. Although there are no Arkansas cases specifically addressing the districts' authority in this regard, we know that school boards are generally vested with broad discretion in directing the operation of the schools. SeeSafferstone v. Tucker, 235 Ark. 70, 357 S.W.2d 3 (1962) and A.C.A. §6-13-620(13) (Supp. 1997) (charging the board of directors of each school district with the power and duty to "[d]o all . . . things necessary and lawful for the conduct of efficient free public schools in the district.") The courts will not interfere with a discretionary decision "unless there is a clear abuse of [discretion] and the burden is upon those charging such an abuse to prove it by clear and convincing evidence." Safferstone, supra, 235 Ark. at 72 (citations omitted). The court in Safferstone also quoted from an earlier decision:
 `Courts will not interfere in matters of detail and government of schools, unless the officers refuse to perform a clear, plain duty, or unless they unreasonably and arbitrarily exercise the discretionary authority conferred upon them.'
Id. at 73, quoting Pugsley v. Sellmeyer, 158 Ark. 247, 250 S.W. 538
(1923). These rules have been reaffirmed in recent years. See HendersonState Univ. v. Spadoni, 41 Ark. App. 33, 848 S.W.2d 951 (1993);Springdale Bd. Of Educ. V. Bowman, 294 Ark. 66, 740 S.W.2d 909 (1987).
It is significant to note in this regard that school districts are specifically required by state regulations to provide opportunities for summer school, as part of the state standards for accreditation.Standards for Accreditation, Arkansas Public Schools (Revised Ed. May, 1993), at XIV.D. My opinion that school boards have considerable discretion in the area of summer school is consistent with this regulatory mandate, as well as the general discretionary authority noted above.
It should perhaps also be noted that I have considered the possible impact of A.C.A. § 6-17-703 (Supp. 1997), which addresses summer school remediation for kindergarten through grade three (K-3), and for grades four (4) and five (5). See n. 1, supra. The fact that the legislature has specifically addressed the subject of required summer school for these particular grades should not, in my opinion, be viewed as evincing legislative intent to prohibit similar summer school programs in other grades. It is my opinion that § 6-17-703 may, instead, reasonably be viewed as reflecting the legislature's concern with providing remediation "when students are younger and before patterns of failure are established." A.C.A. § 6-16-703(a)(1) (Supp. 1997). Specifically, the legislative history of § 6-16-703 reveals the General Assembly's decision in 1997 "to ensure [by providing state funding for required summer school in K-3] that all public school students [are] able to read at or above grade level upon exiting grade three (3)[.]" A.C.A. § 6-16-703(a)(1) (Supp. 1997).[2] While the districts were previously required to provide summer school for grades 4 and 5, this is now optional (see n. 2,supra); and it is to be funded with local rather than state monies. See
§ 5 of Act 1081 of 1997.
It is thus apparent, in my opinion, that § 6-16-703 does not prevent districts from requiring students in other grades who did not perform at grade level, e.g., grade 7, to attend summer school to be eligible for promotion. It is my opinion that the authority of a local school board to establish such a summer school program may still be fairly implied from the express authority to do all things necessary and lawful for the conduct of the school (§ 6-13-620(13)), and from the state accreditation regulations. See generally Fortman v. Texarkana School District No. 7,257 Ark. 130, 514 S.W.2d 720 (1974) (noting that school boards have implied as well as express powers and are authorized to exercise those powers that may be fairly implied from the powers expressly granted and the duties expressly imposed).
I cannot conclude, however, that school districts have been authorized to charge fees for such a summer school program. The General Assembly has authorized the districts to charge fees for "optional courses" that are offered in the summer as a "convenience" for students "who desire to enroll." A.C.A. § 6-16-701. Section 6-16-701 provides that "[s]chool districts should be authorized to charge a fee for such optional courses in order to encourage additional offerings outside the regular school term." It is my opinion that this authorization cannot reasonably be construed to encompass summer school which a student is required to attend in order to be eligible for promotion. Nor is there any other express authority for imposing summer school fees. If the authority exists, then, it must be implied. I believe it is unlikely, however, that the power to impose such fees would be held to be fairly implied. The legislature has expressly authorized summer school fees under §§ 6-16-701
and -702, and as stated above the fees in question are not included in this authorization. A clear distinction is discernible, moreover, between the "optional courses" addressed in §§ 6-16-701 and -702 and the publicly funded "summer remedial instruction programs" in § 6-16-703 (see subsection (a)(1) thereof). I cannot, in light of these provisions, infer authority to charge fees for required summer school remediation in other grades.
Because, in my opinion, the school district lacks authorization to charge such fees, a response to your second question is unnecessary.
The foregoing opinion, which I hereby approve, was prepared by Assistant Attorney General Elisabeth A. Walker.
Sincerely,
WINSTON BRYANT Attorney General
WB:EAW/cyh
[1] This Code section requires free summer school for students in kindergarten through grade three who did not perform at grade level, in order for them to be eligible for promotion. Id. at subsection (b)(1). Local school districts have the option of providing such free summer school for students in grades four or five. Id. at subsection (b)(3) and (f).
[2] The original act (Act 1139 of 1993) required free summer school, funded by the state, for K-3. The program was expanded in 1995 (identical Acts 348 and 351 of 1995) to include grades 4 (beginning with the summer of 1995), and 5 (beginning with the summer of 1996). In 1997, the program was scaled back and districts were no longer required to provide such remediation for grades 4 and 5. Acts 1997, No. 1081. Also, local funds must now be used, instead of state monies, for grades 4 and 5.