**Marvin S. KING, Plaintiff,**

v.

**Gary COCHRAN et al., Defendants.**

**No. ED–75–65–C.**

United States District Court,
W. D. Arkansas,
El Dorado Division.

Aug. 26, 1976.

---

Eugene R. Warren, Warren & Bullion, Little Rock, Ark., for plaintiff.

William S. Arnold, Hamburg, Ark., for defendants.

## MEMORANDUM OPINION

OREN HARRIS, District Judge.

This is an action based upon the First and Fourteenth Amendments to the Constitution of the United States and upon 42 U.S.C. § 1983. Jurisdiction is invoked pursuant to 28 U.S.C. §§ 1341, 1343, 2201 and 2202.

In his complaint, plaintiff alleges that he was a teacher employed by the Portland School District for thirty years, in good standing, and the holder of a teacher's certificate based upon a B.S. degree issued by the Arkansas Department of Education. He alleges that he was re-employed by the defendant School Board by a teacher's contract for the years 1974–1975 at a salary of $8,377.00. He alleges that he was unlawfully refused re-employment for the 1975–1976 and subsequent school years because he is black, and in furtherance of a policy of the school board adopted for the purposes of removing plaintiff and other black teachers from the school district.

Specifically, plaintiff alleges that on December 18, 1974, the defendant School Board adopted a compulsory retirement policy for its teachers based upon the age of the teacher and the years of teaching experience, which requires a teacher with twenty years experience to retire at age 65 and a teacher with thirty years experience to retire at age 62.

Plaintiff contends that he is physically and mentally capable of carrying out his duties as a teacher, that the retirement policy adopted by the Board is not rational and is not based upon any accepted standards for compulsory retirement of a teacher, and will result in depriving him of benefits to which he would have been entitled had he not been forced to retire prior to age 65, including reducing his teacher retirement benefits and Social Security benefits.

He contends that the policy denies him equal protection of the laws and subjects him to deprivation of rights, privileges and immunities secured to him by the Constitution of the United States.

The complaint alleges that the compulsory retirement age established for teachers by the laws of the State of Arkansas is age 72. The primary contention is that the policy of the Board, while on its face neutral as to race, is designed to remove black teachers from their teaching positions in the School District.

Defendants deny that the policy of the Board was adopted for purposes of racial discrimination. They assert an estoppel based upon plaintiff's acceptance of teacher retirement and social security retirement benefits. Defendants further assert that plaintiff has a remedy under state law, if he has suffered any wrong, and deny the jurisdiction of this Court.

The parties have agreed to submit the issues presented by the pleadings to the Court upon the basis of the pleadings, depositions filed herein, and written briefs, without the necessity of a hearing. The Court has reviewed the pleadings, the depositions and the briefs submitted, from all of which the Court makes the following findings of fact and conclusions of law, which are incorporated herein pursuant to Rule 52, Federal Rules of Civil Procedure.

This Court has jurisdiction of the parties and of this cause under the allegations of the complaint and the issues raised by the proof, pursuant to 42 U.S.C. § 1983 and 28 U.S.C. §§ 1343 and 1331.

The facts are virtually undisputed. Plaintiff is a black teacher, duly certified by the State of Arkansas to serve as a teacher in the public schools. He has a B.S. degree and thirty years of teaching experience.

The defendant School Board did adopt the "compulsory retirement" policy in December, 1974. Mr. Gary Cochran, the president of the Board, testified by deposition that the Board had information from the Delta Guidance Center at Monticello that the quality of the students in the district, compared with other schools in the area, was "quite below average". He stated that to try to remedy this observed problem, to improve the quality of education provided by the District, the Board determined that a faster turnover in personnel would be helpful.

He stated that the Board considered that this personnel turnover would help bring in some newer teachers who "could more closely relate to the students, and possibly help them to improve." He stated that the "mandatory retirement" ages of 65 with twenty years of experience and 62 with thirty years of experience were determined by the Board in consideration of the benefit programs provided for retirement by the state teacher retirement plan and the social security retirement policy.

He stated that the prime consideration was to bring in a younger faculty who, in the opinion of the Board, would be better able to relate to the students and provide them with a more up to date education.

The policy of the Board, while characterized as a compulsory retirement policy, does not require that the teachers who are affected actually retire from the profession. It merely states that they will not have their teaching contracts with the Portland School District renewed after the stated ages are reached, with the stated years of accumulated teacher retirement benefits. The teachers affected are free to seek employment in other districts, or to seek employment outside the teaching profession. They are not forced to retire from gainful employment, or from the teaching profession. They are simply denied further employment with the Portland District.

It is admitted that plaintiff was notified, within the time prescribed by statute, of the stated policy of the Board, and that his teaching contract would not be renewed for the 1975–1976 year due to such policy. He had reached age 62 with thirty years experience. The contracts of Ms. Bessie Thornton, white, age 65 with twenty years experience and Mr. Oscar Cason, black, age 62 with thirty years experience, were also not

renewed for the same school year, on the basis of that policy.

It is anticipated that Ms. Emma Mazzanti, white, age 65 with twenty years experience and Ms. Florence Turner, black, age 65 with twenty years experience, will not be re-hired for the 1976–1977 school year, pursuant to the policy.

No member of the faculty will be affected for the 1977–1978 school year. It is expected that Ms. Delilah King, black, the wife of plaintiff, will be affected and her contract not renewed for the 1978–1979 school year, at which time she will have attained age 62 with thirty years teaching experience.

As a result of the nonrenewal of teaching contracts for the three teachers affected in the 1975–1976 school year, two new teachers were added to the faculty, both female, one black and one white. Only two persons were hired due to teaching and administrative reassignments.

The laws of the State of Arkansas with respect to the status of teachers and their expectation of re-employment from year to year by local school boards have been exhaustively reviewed on many occasions in reported decisions, two of the most recent being *Cato v. Collins,* 539 F.2d 656 (8th Cir. 1976) and *Williams v. Day,* 412 F.Supp. 336 (E.D.Ark.1976). It is well settled that Arkansas does not have a statute providing public school teachers with formal tenure, but has a continuing contract system, which provides for the automatic renewal of each teacher's annual contract unless the local board proceeds as provided by statute to give notice and refuses to renew the contract for the ensuing year, Ark.Stat.Ann. § 80–1304(b).

■ As is made clear in the two cases cited, the statutory laws of the State of Arkansas do not create an expectation of continued reemployment and thus create no property interest in continued reemployment as to any teacher. It is, however, equally clear that nonrenewal of a teacher's contract upon a racially discriminatory basis is impermissible, *Cato v. Collins,* supra.

■ From all of the evidence, the Court finds that the policy adopted by the defendant School Board and the consequent nonrenewal of the contract of plaintiff was not racially discriminatory. Both white and black, male and female, are shown to be affected, on the racially neutral basis of age and years of teaching experience. The only new teachers hired were not shown to have been hired on the basis of race, one being white and one being black. Should the results of the policy and the hiring of new teachers develop into a pattern of discrimination, that could become a matter for the attention of this Court, but the evidence does not suggest that this will be the case.

■ The burden of showing a basis of racial discrimination in this case rests on plaintiff, as there is no offer of proof that there is a significant decrease in the proportion of the black faculty to the white faculty or any showing that only black teachers are affected, or any showing of an indication that there is an intent on the part of defendants to reduce the black-white teacher ratio by hiring whites to replace blacks who might be affected. *Moore v. Board of Education of Chidester School District No. 59,* 448 F.2d 709 (8th Cir. 1971). This burden has clearly not been met.

■ The Court finds that the Board's policy was adopted with the intent, as stated, of reducing the average age of the teachers. This policy was adopted as one method by which the members of the Board concluded, rightly or wrongly, that the observed below average achievement levels of the students at the schools might be improved. Whether a young, inexperienced teacher might be expected, on the average, to be a better teacher than an older, experienced teacher, was not the subject of any proof adduced by either party, and is not a matter that this Court is called upon to determine. Under the laws of Arkansas, the Board is free to adopt this policy or any other policy so long as it is done in a manner and on a basis which does not violate the constitutional or statutory rights of teachers or students.

Plaintiff asserts that there is no rational basis for the policy of the Board requiring "compulsory retirement" of the black teachers at age 62, or the "compulsory retirement" of any teacher at age 65. The short answer to these contentions is that the policy of the school board is not a "compulsory retirement" of the teachers. As pointed out above, while the affected teachers may elect to retire, or be caused to retire by reason of inability to obtain other employment, the local school board has no authority to require that the teachers retire. This is a matter that is controlled by state law. Ark.Stat.Ann. § 80–1443 provides for separation from Arkansas teaching service not later than the end of the school year in which he attains age 72. *Murgia v. Massachusetts Board of Retirement,* 376 F.Supp. 753 (Mass.1974), cited by plaintiff, is not controlling, both for the reason that the state police officer there was compelled to retire from his profession, and for the reason that the holding of the three-judge court there was reversed by the Supreme Court of the United States, *Massachusetts Board of Retirement v. Murgia,* —— U.S. ——, 96 S.Ct. 2562, 49 L.Ed.2d 520 (1976).

The Court is not persuaded that the case of *Davis v. Griffin-Spalding County, Georgia Board of Education, et al.* (N.D.Ga. December 2, 1975, No. C–75–6–N), which was decided as a pendent issue under Georgia state law, should be applied, due to the differences in the laws of the two states.

As Judge Eisele points out in his exhaustive analysis of the employment rights of teachers, in the light of the Arkansas statutes and decisions of both the Arkansas and Federal Courts, in *Williams v. Day,* supra, the Arkansas teacher has no "tenure" or other expectation of renewal of his teaching contract from year to year. The local board may determine not to renew the contract of a teacher for any reason, or for no reason at all, so long as the nonrenewal is not based upon racial or other suspect grounds. The Arkansas teacher has no property interest or "liberty" protecting his re-employment from year to year.

Although plaintiff asserts that the age and experience levels selected by the defendant Board, particularly the age 62 with thirty years service level, were calculated to remove black teachers from the faculty, the Court finds, from the evidence, that the age and experience levels adopted by the Board were selected, not on the basis of the race of the teachers who would be affected, but in consideration of the benefits available to those affected under the teacher retirement and social security retirement programs, should they elect to retire rather than seek other employment when their contracts with this district were not renewed. By enunciating this policy, rather than failing to renew the contracts on an individual basis, the Board provided the teachers who will be affected with notice of the intent not to renew, providing the teachers with additional opportunity to seek employment elsewhere even before the expected date of their non-renewal.

The Court, therefore, concludes that the complaint of the plaintiff herein should be dismissed and that plaintiff should bear the costs of this action. An order will be entered in accord with this memorandum.