**Marvin S. KING, Appellant,**

v.

**Gary COCHRAN et al., Appellees.**

**No. 76–1825.**

United States Court of Appeals, Eighth Circuit.

Submitted March 16, 1977.

Decided March 31, 1977.

**1134**

W. Dent Gitchel, Little Rock, Ark., for appellant; Eugene R. Warren, Little Rock, Ark., on brief.

Thomas S. Streetman, Crossett, Ark., for appellees; William S. Arnold, Crossett, Ark., on brief.

Before VAN OOSTERHOUT, Senior Circuit Judge, and BRIGHT and ROSS, Circuit Judges.

PER CURIAM.

This suit was brought by Marvin King, a black school teacher, seeking declaratory, injunctive and monetary relief on the basis of allegations that the retirement policy adopted by the Portland School District is racially discriminatory. The suit was brought under 42 U.S.C. § 1983 and the equal protection clause of the fourteenth amendment.

The retirement policy at issue requires a teacher with twenty years experience to retire from the District at age 65 and a teacher with thirty years experience to retire from the District at age 62. The plaintiff's teaching contract was not renewed for the 1975–1976 school year because he had reached the age of 62 with thirty years experience. The district court found that the retirement policy was not racially discriminatory on its face or as applied and that the policy was justified by a rational purpose, specifically, to improve the quality of education in the District by creating a faster turnover of personnel.[1]

We have carefully examined the record made in the district court together with the briefs, and we have heard oral argument by the parties. In our view, a comprehensive opinion would have no precedential value. No error of law appears on the record and the district court's factual findings are not clearly erroneous. Accordingly, we affirm on the basis of the district court's opinion. *See* Local Rule 14.[2]

Affirmed.

---

1. The district court's opinion is reported at 419 F.Supp. 54 (W.D.Ark.1976).

2. We express no opinion as to the validity of the district court's determination that the retirement involved here is not "compulsory retirement." This issue is not controlling on the alleged grounds of racial discrimination or equal protection and is not a necessary determination to reach the trial court's result.