The Honorable James C. Scott State Senator 321 State Highway 15 North Warren, Arkansas 71671
Dear Senator Scott:
This official Attorney General opinion is issued in response to your recent questions regarding school districts' leave policies. You have asked:
 (1) Is it legal for a school district to establish a leave policy allowing an employee who has been elected to public office to serve in that office while remaining as an employee of the school district?
 (2) If such a leave is permissible, would it be legal to pay the salary or a portion thereof to that employee while he or she is absent from his or her job assignment?
 (3) Is it permissible for an Arkansas school district to have a certified teacher leave policy that would provide for "civic leave" to certified employees while such employees participate in the meetings or sessions of any state board, city council, quorum court, or General Assembly of which they may be members?
 (4) If the response to Question 3 is affirmative, could such a leave policy provide for full pay to the employee while participating in such a meeting?
 (5) Could such a leave policy provide that the cost of a substitute teacher be withheld from the employees' salaries during their attendance at such meetings or events?
RESPONSE
Question 1 — Is it legal for a school district to establish a leavepolicy allowing an employee who has been elected to public office to servein that office while remaining as an employee of the school district?
It is my opinion that it is legal for school districts to establish such a leave policy.
The Arkansas courts have consistently recognized the wide latitude and discretion that is granted to school districts in establishing their own policies; the courts will not interfere with the decisions of local school boards in the absence of an abuse of discretion or a conflict with clearly enunciated restrictions of state or federal law. King v.Cochran, 419 F.Supp. 54 (W.D. Ark. 1976), aff'd 551 F.2d 1133; Cato v.Collins, 394 F.Supp. 629 (E.D. Ark. 1975), aff'd 539 F.2d 656; Appler v.Mountain Pine School Dist., 342 F.Supp. 1131 (W.D. Ark. 1972); Evans v.McKinley, 234 Ark. 472, 352 S.W.2d 829 (1962); Safferstone v. Tucker,235 Ark. 70, 357 S.W.2d 3 (1962); Coffelt v. Nicholson, 224 Ark. 176,272 S.W.2d 309 (1954); Pugsley v. Sellmeyer, 158 Ark. 247, 250 S.W.2d 538
(1923).
The wide discretion that is granted to local school boards may be inferred from the provisions of A.C.A. § 6-13-620, which states:
 The board of directors of each school district in the state shall be charged with the following powers and perform the following duties:
* * *
 (13) Do all other things necessary and lawful for the conduct of efficient free public schools in the district.
A.C.A. § 6-13-620(13).
Moreover, the legislature has mandated that local school boards create personnel policies for their districts. See A.C.A. § 6-17-201.
There is no state or federal law that would prohibit a school district from establishing a leave policy allowing an employee who has been elected to public office to serve in that office while remaining as an employee of the school district — provided that the elected office is one that a school district employee would not be prohibited from holding under the principles of law governing dual office holding.[1] See,e.g., Op. Att'y Gen. No. 88-178.
Indeed, a general legislative policy in favor of such leave is reflected in other laws that specifically provide for leaves of absence for the purpose of fulfilling a public duty. In fact, the provisions of A.C.A. §21-4-101 could be interpreted to actually require a policy allowing a leave of absence for the purpose of serving a term in an elective office. That statute states:
 (a) Any person who is employed by any person, firm, or corporation in the State of Arkansas shall be granted a leave of absence, upon the election of any such employee to a public office in the State of Arkansas, or upon appointment by the Governor of any such person to a board or commission in the State of Arkansas, which office requires their absence from their employment.
 (b) The leave of absence shall be for such period as the employee may request, not to exceed the duration of the term of office to which the employee has been elected.
 (c) The granting of the leave of absence by the employer shall not be held to impair the employee's seniority rights of the job, nor shall the departmental seniority of the employee be broken for job purposes.
A.C.A. § 21-4-101.[2] It is unclear whether the mandate of the foregoing section extends to school districts. The language of the provision does not specify its exact applicability, and the Arkansas Supreme Court has never addressed the question. Nevertheless, a policy allowing leave for service in an elected office would certainly be consistent with the legislature's public policy intent as reflected in this statute. See also A.C.A. § 6-17-306; A.C.A. § 21-4-212.
I therefore conclude that, with the provisos noted above, such a leave policy is generally permissible.
Question 2 — If such a leave is permissible, would it be legal to pay thesalary or a portion thereof to that employee while he or she is absentfrom his or her job assignment?
It is my opinion that although school districts could allow their employees a leave of absence for public service, the school district's payment of the salary of employees who are on leave would be inappropriate. Such payment, in my opinion, would violate Article 14, §§ 2
and 3 of the Arkansas Constitution, which prohibit the use of school funds for any purpose that does not benefit the schools for which the funds were collected.
I have previously opined that continued payment of salary to an employee who is on leave for active military duty would violate these constitutional provisions. See Op. Att'y Gen. No. 90-330. I based my conclusion on the fact that the necessary benefit to public education is not present in a situation where a teacher is paid a continuing salary, notwithstanding his or her absence from the job. Op. Att'y Gen. No.90-330, citing Magnolia School Dist. No. 14 v. Ark. State Bd. of Educ.,303 Ark. 666, 799 S.W.2d 791 (1990).
It is my opinion that, as with a leave of absence for active military duty, the benefit to public education that would be necessary to justify the continued payment of salary would not be present in a situation where the school employee is on a leave of absence for the purpose of serving a term of elective office. Such a situation, in my opinion would be violative of Article 14, §§ 2 and 3 of the Arkansas Constitution.
I also find it significant that the General Assembly has not provided for the continued payment of the salaries of employees who are leave of absence as allowed by A.C.A. § 21-4-101, although it did specifically provide for the continued seniority rights of such absent employees. I noted in Opinion No. 96-330 that the General Assembly has specifically provided for pay during leave to employees who are on leave for military training, see A.C.A. § 6-17-306 and A.C.A. § 21-4-212(a), but not for those who are on leave for active military duty. A.C.A. § 21-4-212(b). It is likely that if the General Assembly had intended that absent employees be paid during leave, it would have so provided, as it did for employees who are on leaves of absence for miltary training.
Question 3 — Is it permissible for an Arkansas school district to have acertified teacher leave policy that would provide for "civic leave" tocertified employees while such employees participate in the meetings orsessions of any state board, city council, quorum court, or GeneralAssembly of which they may be members?
For the reasons stated in response to Question 1, and with the provisos stated therein, it is my opinion that such a leave policy would be generally permissible.
Question 4 — If the response to Question 3 is affirmative, could such aleave policy provide for full pay to the employee while participating insuch a meeting?
For the reasons stated in response to Question 2, it is my opinion that the payment of salary during such "civic leaves" of absence would be unconstitutional (i.e., in violation of Article 14, §§ 2 and 3 of the Arkansas Constitution).
Question 5 — Could such a leave policy provide that the cost of asubstitute teacher be withheld from the employees' salaries during theirattendance at such meetings or events?
Your question appears to assume that school districts can pay employees' salaries while such employees are on leave of absence. Because I have opined that school districts cannot do so, this question is moot.
The foregoing opinion, which I hereby approve, was prepared by Assistant Attorney General Suzanne Antley.
Sincerely,
WINSTON BRYANT Attorney General
WB:SBA/cyh
[1] The leave policy's compensation arrangement must also be consistent with constitutional principles. See response to Question 2.
[2] It should be noted that A.C.A. § 21-4-101 does not require that the employee who is on leave be paid his or her salary while on leave.