The Honorable Michael D. Booker State Representative P.O. Box 45154 Little Rock, Arkansas 72214-0154
Dear Representative Booker:
You have requested an official Attorney General opinion concerning the completion of high school by a person who has already received a GED. More specifically, you have asked:
 Can a local school district prohibit an eighteen-year-old resident of that district who has already earned a GED from enrolling in high school, taking classes, and completing high school in that district and receiving a high school diploma?
It is my opinion that a local school district cannot prohibit an eighteen-year-old resident of that district who has already earned a GED from enrolling in high school, taking classes, and completing high school in that district and receiving a high school diploma (provided that the student successfully completes the requirements of the district for receiving the diploma).
My opinion is based upon the plain language of A.C.A. § 6-18-202, which states:
6-18-202. Age and residence for attending public schools.
 (a) The public schools of any school district in this state shall be open and free through completion of the secondary program to all persons in this state between the ages of five (5) and twenty-one (21) years whose parents, legal guardians, or other persons having lawful control of the person under an order of a court reside within the school district and to all persons between those ages who have been legally transferred to the district for education purposes.
 (b) Any person eighteen (18) years of age or older may establish a residence separate and apart from his or her parents or guardians for school attendance purposes.
A.C.A. § 6-18-202(a) and (b). See also Ark. Const., art. 14, § 1.
Although local school districts have wide discretion in establishing their own internal policies, see, e.g., King v. Cochran, 419 F.Supp. 54
(W.D. Ark. 1976), aff'd 551 F.2d 1133; Safferstone v. Tucker,235 Ark. 70, 357 S.W.2d 3 (1962); they cannot establish policies that contradict state law. The requirement of A.C.A. § 6-18-202(a) that school districts be open to persons through age twenty-one is stated in mandatory terms. Moreover, it does not state any exceptions or conditions.
I note, in this regard, that although it might be argued that the phrase "through completion of the secondary program," as used in A.C.A. §6-18-202(a), could operate to exclude persons who have already received the GED, I believe that such an interpretation of the phrase is incorrect. I interpret the phrase to apply only to completion of the secondary program in a high school.
The earlier part of the sentence in which the phrase appears is directed toward "the public school of any school district," and "the secondary program[s]" referred to therein, are necessarily programs of public school districts.
The GED program is not one that is the responsibility of the public schools to offer.[1] Rather, it is a standardized, state-wide program that is offered through the State Department of Education. See A.C.A. §6-16-118. Because A.C.A. § 6-18-202 addresses the responsibilities of public schools, the phrase "through completion of the secondary program," as used therein, cannot be interpreted to include completion of the GED, since the offering of the GED is not a responsibility of the public schools.
I must conclude, therefore, that local districts do not have the discretion to prohibit attendance by a person who resides in the district and is between the ages of five and twenty-one — even if that person has already received a GED.[2]
I am aware that the legislature has, in some instances, deemed the GED to be equivalent to a high school diploma for certain limited purposes. For example, certain scholarships are available to persons who have either a high school diploma or a GED. See, e.g., A.C.A. § 6-82-801 et seq. and A.C.A. § 6-82-901 et seq. A GED certificate will also serve the same purpose as a high school diploma in order to qualify a person under the age of eighteen to receive a drivers' license. Nevertheless, it is my opinion that these instances are limited to their particular purposes, and do not extend to the provisions of A.C.A. § 6-18-202. Although for those and other purposes, the GED should indeed be deemed equivalent to a high school diploma, it is my opinion that for purposes of A.C.A. § 6-18-202
and its requirement that public schools be open to persons between the ages of five and twenty-one, the phrase "completion of the secondary program" is not the same as completion of the GED program.
Accordingly, I conclude that public schools must be open to persons who have received the GED.
The foregoing opinion, which I hereby approve, was prepared by Assistant Attorney General Suzanne Antley.
Sincerely,
WINSTON BRYANT Attorney General
WB:SBA/cyh
[1] However, I recognize that some public schools do offer the GED through cooperation with the Department of Education.
[2] Local districts, may, however, exclude persons who have completed a secondary program in another high school.