The Honorable Jay Bradford State Senator P.O. Box 8367 Pine Bluff, Arkansas 71611-8367
Dear Senator Bradford:
You have requested an Attorney General opinion concerning the transportation of public school students. You have asked:
 Are there any legal barriers to a public school district contracting with a public transportation provider for the service of transporting public school students to and from public schools?
It is my opinion that it is legally permissible for a public school district to contract with a public transportation provider for the service of transporting public school students to and from public schools.
School districts are given wide discretion with regard to the arrangements they may make for the transportation of students. A.C.A. §6-19-102 states in pertinent part:
 (a) The board of directors of each school district in the state is authorized to purchase vehicles and otherwise provide means for transporting pupils to and from school, when necessary.
 (b) To this end it may hire or purchase such school buses or other vehicles and hire persons to operate them, or make such other arrangements as it may deem best, affording safe and convenient transportation to the pupils, and the board may pay for all such property or services out of the funds of the district.
A.C.A. § 6-19-102(a) and (b) (emphasis added).
The unambiguous language of this provision draws wide parameters within which school districts may arrange for the transportation of students. This liberal grant of authority is consistent with the wide discretion that schools are given, generally, and that the Arkansas Supreme Court has recognized, with regard to the conduct of school in their districts.See, e.g., King v. Cochran, 419 F.Supp. 54 (W.D. Ark. 1976), aff'd551 F.2d 1133; Safferstone v. Tucker, 235 Ark. 70, 357 S.W.2d 3 (1962).
This general wide discretion is reflected in A.C.A. § 6-13-620, which states:
 The board of directors of each school district in the state shall be charged with the following powers and perform the following duties:
* * *
 (13) Do all other things necessary and lawful for the conduct of efficient free public schools in the district.
A.C.A. § 6-13-620(13).
The foregoing sources of law indicate that school districts can contract with public transportation providers for the service of transporting students.
It should be noted that the providers with whom the school district contracts must comply with all applicable requirements of A.C.A. §§6-19-104 through -117, and A.C.A. § 27-51-1002, which address matters concerning the qualifications of bus drivers, and the operation and design of buses used to transport students. These providers must also comply with all regulations of the Department of Education concerning transportation matters. (These regulations do not address the issue of the entities with which schools may contract for transportation services.)
Finally, it should be noted that any contract entered into between a school district and a public transportation provider must be supported by adequate consideration. See Little Rock Chamber of Commerce v. PulaskiCounty, 113 Ark. 439, 168 S.W. 848 (1914); Op. Att'y Gen. No. 97-059.
Assistant Attorney General Suzanne Antley prepared the foregoing opinion, which I hereby approve.
Sincerely,
WINSTON BRYANT Attorney General
WB:SBA/cyh