The Honorable Jim Milum State Representative 607 Skyline Drive Harrison, Arkansas 72601-2309
Dear Representative Milum:
You have requested an official Attorney General opinion in response to the following question:
 If an employee who is covered by Act 427 of 1973 (concerning teacher retirement) exercises his/her option to exclude himself/herself from membership in the Arkansas Teacher Retirement System and then opts to establish membership in the system at a later date, is it legal for the public school district for which he/she works to expend school district funds to pay for:
 (a) His/her member contributions plus regular interest from the date the contributions would have been received by the System to date of such actual payment?
 (b) His/her employer contributions plus regular interest from the date the contribution would normally have been received by the System until the date of such actual payment?
It is my opinion that school districts may not make either member or employer contributions on behalf of the employee in the above-described situation, without contradicting state law.
Although the courts in Arkansas have recognized the wide discretion and latitude that is given to local school boards in governing their own internal affairs, such discretion is permissible only in the absence of an abuse of discretion or a conflict with clearly enunciated restrictions of law. See, e.g., King v. Cochran, 419 F. Supp. 54 (W.D.Ark. 1976), aff'd 551 F.2d 1133; Cato v. Collins, 394 F. Supp. 629 (E.D.Ark. 1975), aff'd 539 F.2d 656; Appler v. Mountain Pine School Dist.,342 F. Supp. 1131 (W.D.Ark. 1972); Evans v. McKinley, 234 Ark. 472,352 S.W.2d 829 (1962); Safferstone v. Tucker,235 Ark. 70, 357 S.W.2d 3 (1962); Coffeltv. Nicholson, 224 Ark. 176, 272 S.W.2d 309 (1954); Pugsley v. Sellmeyer,158 Ark. 247, 250 S.W.2d 538 (1923).
State law clearly enunciates its intent with regard to the issue you have raised. Employees who have previously chosen to be excluded from the Arkansas Teacher Retirement System, and who would like to buy back in to the system, must pay both employee and employer contributions that would have been paid during the time of exclusion. The law clearly states that the employee must make these back payments.
This requirement is stated in A.C.A. § 24-7-501(b), as follows:
 (b)(1) A person who has excluded himself from membership before July 1, 1991, may rescind the exclusion by filing with the system a membership data form.
* * *
 (4) For the membership to be retroactive, the member must pay to the system both the member contributions and the employer contributions which would have been paid to the system had there been no exclusion, plus regular interest from the dates the contributions would normally have been received by the system to the date of actual payment.
A.C.A. § 24-7-501(b) (emphasis added).
The unambiguous requirement that the employee make the back payments is reiterated in the standard Teacher Retirement Membership Exclusion Form D-8 that is provided by the Arkansas Teacher Retirement System. This form is typically completed and signed by employees who have chosen not to participate in the Arkansas Teacher Retirement System, and includes a paragraph that states as follows:
 I also understand should I decide to become a member of the system and purchase excluded service, I will be responsible for both member and employer contributions plus regular interest from the dates the contributions would normally have been received by the System to the date of such actual payment.
Arkansas Teacher Retirement System Membership Exclusion Form D-8.
The Arkansas Supreme Court has held many times that if statutory language is unambiguous, the words must be given their ordinary meaning in common usage. Leathers v. Cotton, 332 Ark. 49, 961 S.W.2d 32 (1998). Because there is no ambiguity in A.C.A. § 24-7-501(b), quoted above, it must be interpreted to require payment by the employee.
Another basis for my conclusion regarding this matter is the fact that the legislature has preempted the field governing school employee retirement. The laws governing this issue are comprehensive and detailed. Therefore, local policies that would supplement or supplant these state laws, or that could influence the retirement decisions of employees, are impermissible under state law. The Arkansas Supreme Court has held that where state regulation is so pervasive as to make reasonable the inference that the state has left no room for supplemental legislation, local provisions in the same field are prohibited. See
Kollmeyer v. Greer, 267 Ark. 632, 593 S.W.2d 29 (1980). Moreover, the legislature has expressed an intent elsewhere in the statutes that retirement systems are to be a matter for state, rather than local regulation. A.C.A. § 14-43-601(a)(1)(F). For further discussion of this issue, see Op. Att'y Gen. No. 92-086.
Accordingly, I conclude that a school district may not make back payments of employee and employer contributions on behalf of an employee who had previously chosen to be excluded from the Arkansas Teacher Retirement System, and who later decides to join the System.
Assistant Attorney General Suzanne Antley prepared the foregoing opinion, which I hereby approve.
Sincerely,
MARK PRYOR Attorney General
MP:SBA/cyh