The Honorable John E. Brown State Senator 17900 Ridgeway Drive Siloam Springs, Arkansas 72761-8866
Dear Senator Brown:
You have requested an official Attorney General opinion concerning military leave for public school teachers. You have attached to your request a copy of correspondence from a public school teacher to a school district, in which the teacher requested a leave of absence from August 16, 1999 to October 22, 1999 for the purpose of attending training in the Army Reserves.
You have asked:
 Does the above-described request for military leave meet the requirements of state law to maintain the teacher's status and benefits?
It is my opinion, as explained more fully below, that the above-described request exceeds the time period for which state law allows teachers to take military leaves of absence without losing their status and benefits.[1]
The provisions of A.C.A. § 6-17-306 allow teachers to take limited leaves of absence for the purpose of attending military training. That statute states in pertinent part:
6-17-306. Leaves of absence.
 (a) All teachers, administrators, and noncertified personnel employed by any public school in this state who desire to take a leave of absence for the purpose of participating in military training programs or other official duties made available by the National Guard or of the reserve branches of the armed forces and all teachers and administrators employed by a public school who desire to take a leave of absence for the purpose of participating in the civil defense and public health training programs made available by the United States Public Health Services shall be entitled to such a leave of absence for a period of fifteen (15) days, plus necessary travel time, in any fiscal year. To the extent this leave is not used in a fiscal year, it will accumulate for use in the succeeding fiscal year until it totals fifteen (15) days at the beginning of a fiscal year.
 (b)(1) Whenever any teacher, administrator, or noncertified employee is granted a leave of absence under the provisions of this section, he shall be entitled to his regular salary during the time he is away from his duties during such leave of absence.
* * *
 (3) Such leave of absence shall be in addition to the regular vacation time allowed the employee.
* * *
 (d)(1) During a leave of absence, teachers, administrators, and noncertified persons shall be entitled to preserve all seniority rights, efficiency or performance ratings, promotional status, retirement privileges, life and disability insurance benefits, and any other rights, privileges, and benefits to which they have become entitled.
* * *
 (e) For the purpose of this section, "fiscal year" shall be the fiscal year now established for the United States Government.
A.C.A. § 6-17-306.
The above-quoted provisions allow for a maximum of 15 days of military leave, plus necessary travel time, for the purpose of attending military training. During this 15-day period, the teacher is entitled to continue to be paid, and may maintain seniority rights and other benefits. The statute makes no provision for teachers to take military leave for training purposes for longer than this 15-day time period (plus travel time). Although a more extended leave can be taken for "emergency situations," A.C.A. § 6-17-306(c)(1), no provision is made for such extended leave for training purposes.
I therefore conclude that the individual who made the request that was attached to your correspondence would be assured of continued pay, status, and benefits for only 15 days of the time period for which the leave was requested. However, no provision of state law would prohibit this individual's school district from granting the individual's request and assuring the individual of continued pay, status, and benefits. Indeed, state law recognizes the wide discretion that school districts may exercise in the operation of their own internal affairs, and will not interfere with the decisions of local school boards, in the absence of an abuse of discretion or a conflict with clearly enunciated restrictions of law. See, e.g., King v. Cochran, 419 F. Supp. 54 (W.D.Ark. 1976), aff'd551 F.2d 1133; Cato v. Collins, 394 F. Supp. 629 (E.D.Ark. 1975), aff'd539 F.2d 656; Appler v. Mountain Pine School Dist., 342 F. Supp. 1131
(W.D.Ark. 1972); Evans v. McKinley, 234 Ark. 472, 352 S.W.2d 829 (1962);Safferstone v. Tucker, 235 Ark. 70, 357 S.W.2d 3 (1962); Coffelt v.Nicholson, 224 Ark. 176, 272 S.W.2d 309 (1954); Pugsley v. Sellmeyer,158 Ark. 247, 250 S.W.2d 538 (1923); A.C.A. § 6-13-620; A.C.A. § 6-17-201.
Therefore, the school district may, under state law, grant the individual's request for military leave from August 16, 1999 to October 22, 1999, and may assure the individual of continued pay, status, and benefits. State law simply does not require the school district to do so beyond 15 days, plus travel time.
Assistant Attorney General Suzanne Antley prepared the foregoing opinion, which I hereby approve.
Sincerely,
MARK PRYOR Attorney General
MP:SBA/cyh
[1] You have specifically inquired about state law. It should be noted that certain provisions of federal law could impact upon this situation. The provisions of 38 U.S.C. § 2024(f) require the assurance of continued employment rights, including status and benefits, in the event of certain extended military leave for not less that twelve consecutive weeks, for the purpose of being on "active duty for training." The interested parties should consult private counsel or the U.S. Attorney's office to determine whether this provision of federal law applies to the situation about which you have inquired.