The Honorable Jim von Gremp State Representative P.O. Box 866 Bentonville, Arkansas 72712-0866
Dear Representative von Gremp:
This letter is a response to your request for an opinion regarding certain school board nepotism policies. You have presented the following specific questions:
 (1) Does a school district have the right to terminate a spouse, sibling, in-law, etc., who works within that school district, when a relative of that person is elected to the school board?
 (2) If the school board hires a relative of a board member, does the school board then have the right to ask for the resignation of that board member?
 (3) When an employee refuses to resign and the school board member refuses to resign, how does the school board set priority as to who must resign or be terminated?
Your questions appear to involve a school district that has a policy prohibiting nepotism. State law does not prohibit nepotism within school districts. Therefore, a necessary preliminary to answering your specific questions is a consideration of the question of whether local school boards may enact policies that are more restrictive than state law.
While state law does not prohibit nepotism within school districts, it also does not prohibit school districts from enacting and enforcing policies prohibiting nepotism. The courts have consistently recognized the wide latitude and discretion given to local school boards in governing their districts, and will not interfere with the decisions of local school boards, in the absence of an abuse of discretion or a conflict with clearly enunciated restrictions of law. See, e.g., King v. Cochran,419 F. Supp. 54 (W.D. Ark. 1976), aff'd 551 F.2d 1133; Cato v. Collins,394 F. Supp. 629 (E.D. Ark. 1975), aff'd 539 F.2d 656; Appler v. MountainPine School Dist., 342 F. Supp. 1131 (W.D. Ark. 1972); Evans v.McKinley, 234 Ark. 472, 352 S.W.2d 829 (1962); Safferstone v. Tucker,235 Ark. 70, 357 S.W.2d 3 (1962); Coffelt v. Nicholson, 224 Ark. 176,272 S.W.2d 309 (1954); Pugsley v. Sellmeyer, 158 Ark. 247, 250 S.W.2d 538
(1923).
The wide discretion granted to local school boards may be inferred from the provisions of A.C.A. § 6-13-620, which states:
 The board of directors of each school district in the state shall be charged with the following powers and perform the following duties:
* * *
 (13) Do all other things necessary and lawful for the conduct of efficient free public schools in the district.
A.C.A. § 6-13-620(13).
Moreover, the legislature has mandated that local school boards create personnel policies for their districts. See A.C.A. § 6-17-201.
From these provisions of case and statutory law, it may be concluded that school boards may enact policies that are more restrictive than state law, provided that they do not conflict with state or federal law, or reflect an abuse of the board's discretion. Accordingly, a school board may enact a policy prohibiting nepotism.
This having been said, I will proceed to address your specific questions.
Question 1 — Does a school district have the right to terminate aspouse, sibling, in-law, etc., who works within that school district, whena relative of that person is elected to the school board?
The answer to this question will be determined largely upon the specific nature of the nepotism policy and any dismissal policies that the district may have enacted, as well as by the specific provisions of the family member's contract. Those are local matters about which this office has neither sufficient information nor authority to opine. The Arkansas Supreme Court has held many times that the sole power to terminate a teacher's contract is vested in the local school board. See, e.g.,McElroy v. Jasper School Dist., 273 Ark. 143, 617 S.W.2d 356 (1981). However, I will note that state law could be implicated and will govern in the event that the district fails to comply with the Fair Teacher Dismissal Act (A.C.A. § 6-17-1501 et seq.). Whether the district has complied with the act will be determined by the particular facts of the case. Without knowing those facts, I am unable to opine as to such compliance or lack thereof.
I also note that state law would be implicated and would govern in the event that the nepotism policy was not in place prior to the election of the school board member whose relative is employed by the district. If the policy is applied retroactively to terminate an already existing contract right, it could be in violation of Article 2, Section 17 of the Arkansas Constitution, which prohibits the impairment of contractual rights. But again, this question would turn on the specific facts and upon the specific nature and provisions of the particular contract under consideration.
Finally, I note that state or federal constitutional law could be implicated and would govern in the event that the family member's dismissal is carried out in such a way as to violate that individual's due process rights. Again, a conclusion that such a constitutional violation has occurred will depend upon the specific facts of the case.
Question 2 — If the school board hires a relative of a board member, doesthe school board then have the right to ask for the resignation of thatboard member?
Although a school board may ask for a board member's resignation, the board does not have the power or authority to terminate that member, because that member is an elected official. Therefore, not only could the board not enforce its request for the board member's resignation, its request would not be upheld or enforced by a court.
Thus, if the board does hire a board member's relative after its nepotism policy is in place, the only person upon whom the policy could have an enforceable effect would be the board member's relative, rather than the board member. However, it is my opinion that the board's act of hiring that relative could be considered both an abuse of its discretion and a waiver of its policy. The Arkansas Supreme Court has held that because the legislature has mandated that school districts adopt personnel policies, it is reasonable to expect that school boards will comply with their own policies. McElroy v. Jasper School Dist., 273 Ark. 143,617 S.W.2d 356 (1981); Maxwell v. Southside School Dist, 273 Ark. 89,618 S.W.2d 148 (1981). An act of a board that constitutes a failure to comply with its own policies may not be sustained by a court. Maxwell,supra. Likewise, a court may, upon the basis of the authorities cited previously, choose to reverse an act of a board that constitutes an abuse of discretion. It is therefore my opinion that if a board in a district that has an anti-nepotism policy hires one of its members' relatives, it should not then attempt to enforce the policy to the detriment of that relative. Moreover, the board would be without legal authority to enforce the policy against the board member whose relative had been hired.
Question 3 — When an employee refuses to resign and the school boardmember refuses to resign, how does the school board set priority as towho must resign or be terminated?
As discussed in response to Question 2, the school board would have no legal authority to force the resignation of an elected board member. Moreover, as also discussed in response to Question 2, if the board member's relative was hired under circumstances that constituted an abuse of the board's discretion or a failure by the board to comply with its own policies, a court may not uphold the termination of that relative, in the event that the relative challenged the termination legally.
Your correspondence, therefore, has indicated no circumstances under which a priority of resignation must be (or even could be, legally) determined. I therefore cannot answer Question 3.
The foregoing opinion, which I hereby approve, was prepared by Assistant Attorney General Suzanne Antley.
Sincerely,
WINSTON BRYANT Attorney General
WB:SA/cyh